CHARLES EMMERSON, Exr., Appellant, *vs.* LIZZIE MERRITT *et al.* Appellees.

*Opinion filed April 19, 1911.*

1. PARTIES—*questions of right of the complainant to relief and omission of necessary parties may be raised on appeal.* The questions of the right of the complainant to any relief and of the omission of necessary parties may be raised on appeal.

2. EXECUTORS AND ADMINISTRATORS—*the title to real estate descends to heirs or devisees..* The real estate of which a person dies seized descends directly to his heirs or devisees, and no title or right of possession or interest therein passes to the executor unless it is given to him by the will, either expressly or by necessary implication.

3. SAME—*executor takes estate in land if there is an express devise to him.* If the will simply directs the executor to sell real estate and apply the proceeds to certain purposes the executor takes a power of sale, only, but if there is an express devise to the executor to sell and apply the proceeds as directed he will take an estate in the land.

4. SAME—*executor may take legal title by implication.* If it is necessary for the executor to hold the legal title to land in order to enable him to carry out the trusts created by the will it will be held that the legal title is devised to him by implication if there is no express devise.

5. SAME—*estate of trustee in real estate is commensurate with his powers.* The estate of a trustee in real estate is commensurate with the powers conferred by the trust, and if the person named in a will to carry out its provisions cannot carry them out without holding the legal title, he will be held by implication to hold it.

6. SAME—*effect where executor holds legal title with no duties to perform.* If there is a specific devise to an executor, who is not required to perform any duty respecting the estate, and others are to have the rents and profits, the executor will take no legal estate but it will pass to the beneficiaries, and the executor will be a mere devisee to uses.

7. SAME—*when executor does not take the legal title.* Where a will merely directs the executor to sell and convey the testator's property and make distribution according to the terms of the will, the executor takes no legal title to the land and has no right to the land or its possession and no right to the rents and profits.

8. SAME—*executor having only a power of sale cannot maintain bill to correct deeds or cancel mortgages.* Where an executor

takes only a power of sale under the will he cannot maintain a bill to correct alleged mistakes in the testator's deeds or to cancel conveyances, but the same must be maintained by the heirs.

9. PRACTICE—*a bill should not be dismissed for want of proper parties without an opportunity to amend.* It is not proper practice to dismiss a bill in equity for want of proper parties without giving an opportunity to amend.

10. APPEALS AND ERRORS—*when cause will be remanded with directions to permit an amendment.* Where a bill filed by an executor to correct deeds is dismissed on the hearing for want of equity and the question of his right to maintain the bill for want of legal title is not raised until the case is appealed, if it appears on the appeal that the legal title was in the heirs the decree will be reversed and the cause remanded, with directions to permit an amendment substituting the heirs as complainants within a fixed time, or in default thereof that the bill be dismissed.

APPEAL from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, and S. E. QUINDRY, for appellant.

THOMAS H. CREIGHTON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 13, 1907, William Lines executed two deeds, one to his wife, Mary Lines, and the other to his two daughters, Lizzie Merritt and Hattie Lines, conveying by each deed an undivided one-half of an eighty-acre tract of land in Wayne county. He died on August 17, 1909, and Mary Lines also died, leaving all her property by will to Lizzie Merritt. The appellant, Charles Emmerson, as executor of the will of William Lines, filed his bill in this case on November 30, 1909, in the circuit court of Edwards county, against the appellees, Lizzie Merritt, Hattie Lines (*alias* Hattie Stroup) and B. F. Thomas, a solicitor to whom an interest in the land had been conveyed to secure

legal services in defending the title, alleging that by the deeds the grantor intended to convey to each of the grantees therein two acres only, but that through the mistake of the scrivener each deed was made for an undivided one-half of the eighty acres, and praying that the mistakes might be corrected and the deeds canceled. The cause was transferred to Wayne county, where the land was situated. The defendants first demurred to the bill, and the abstract shows no ruling on the demurrer. The defendants afterward answered, denying that there was any mistake or that the land was a part of the estate of William Lines but raising no question as to the right of the complainant to maintain the suit. The cause was heard on the merits and the bill was dismissed for want of equity.

The will of William Lines provided for the payment of his debts and funeral expenses and gave legacies to his children and grandchildren, and by the eighth clause provided for the division of the residue into five equal parts, to be distributed as therein directed. The ninth clause is as follows: "My executor hereinafter named shall sell and convey, by deed, all of my property, both real and personal, and after the payment of my funeral expenses and debts and specific legacies, divide the balance or residue into five equal parts, making distribution as directed in clause 8."

Although nothing was said in the circuit court concerning the right of the complainant to maintain the suit and the decision was upon the merits, the questions of the right of the complainant to any relief and the omission of necessary parties may be raised on appeal, and it is insisted in this court that the complainant had no such right and that the heirs-at-law are the only parties entitled to file the bill. The real estate of which a decedent dies seized descends directly to his heir or devisee and no title or right of possession or interest therein passes to an executor unless given to him by the will, either expressly or by necessary implication. If a testator by his will simply directs his

executor to sell real estate and apply the proceeds to cer-
tain specified purposes the executor will take a power, only,
but if there is a devise to the executor to sell and apply
the proceeds as directed he will take an estate in the land.
(*West* v. *Fitz*, 109 Ill. 425.)   It is not necessary, in order
that the executor may take the fee, that the legal estate
should be in terms devised to him.   He will take that quan-
tity of interest by the will which the purposes of his trust
require, and if it is necessary that he should have the fee
to enable him to execute the trust, it will be held to have
been devised to him by implication.   (*Ebey* v. *Adams*, 135
Ill. 80.)   If an executor is required to lease real estate and
collect and pay over rents for a term of years or for the
life of a beneficiary, he will take an estate in the land for
years or life, as the case may be, and if at the expiration
of such term he is to sell and convey the land, his estate
will be a fee.   Accordingly, in *Olcott* v. *Tope*, 213 Ill. 124,
where the executor was to collect the rents of the testator's
farm and at the expiration of the term for which the farm
was leased to either lease it again or sell it, according to
his judgment, it was decided that the executor took the
fee.   The rule that the estate of a trustee in real estate is
commensurate with the powers conferred by the trust and
the purposes to be effected by it was applied, and it was
held that the executor being authorized to sell or lease, at
his discretion, was vested with the fee for the purposes of
the trust.   In *Kemmerer* v. *Kemmerer*, 233 Ill. 327, the tes-
tator appointed his wife executrix and provided that land
was to be rented and land sold to produce a fund.   The
court stated and applied the same doctrine, that where a
person is named in a will to carry out its provisions and
he cannot carry them out unless he holds the legal title, he
will be held, by implication, to hold such title.   In *Fenton*
v. *Hall*, 235 Ill. 552, the executor was directed to reduce
and convert into cash all the property of the testator, both
real and personal, to sell the same at public or private sale,

in his discretion, and upon such terms as in his judgment he might deem best for the estate, to complete the collections, sale and distribution within a period of five years, and to collect and account for all interest and endeavor to keep all money at interest until finally paid out. He was given general charge and management of the estate to the same extent as an owner, and the right of certain heirs-at-law to shares of the farm land and the rents and profits of the same was denied, on the ground that the authority given to the executor amounted, by implication, to a devise of the real estate to him. In these cases the intent of the testator was to place his executor practically in the position of an owner. There may be a direct and specific devise to an executor where he is not required to perform any duty respecting the estate and another is to have the rents and profits. In such case the executor will take no legal estate but it will pass to the beneficiary and he will be a mere devisee to uses. That was the conclusion in *Drake* v. *Steele,* 242 Ill. 301, where the will provided that the entire estate, after payment of items therein mentioned, should be held by the executor in trust for the maintenance of the widow and children of the testator, and at the death or on the remarriage of the widow the estate was to be divided equally among the four children, and it was held that the executor took only a power of sale. *Kirkland* v. *Cox,* 94 Ill. 400, was a case where there was a devise to the trustees of the testator's estate under an active trust and to sell the real estate and dispose of the proceeds in accordance with the will, and it was held that the trustees took the fee, which would seem to be a necessary conclusion.

Some cases are cited where there was a conveyance to trustees, as in *Preachers' Aid Society* v. *England,* 106 Ill. 125, where the conveyance was to a trustee in trust to convey the real estate to a certain society when it should be organized and put upon a working footing, and *Lawrence* v. *Lawrence,* 181 Ill. 248, where the conveyance was under

an active trust, and the court said that the trustee acquired whatever estate, even to a fee simple, was needed to enable him to accomplish the purposes of the trust. In cases where there has been a mere direction to an executor to sell and convey real estate, and nothing further, it has been held that he had nothing but a naked power. In *Lambert v. Harvey*, 100 Ill. 338, no division of the estate was to take place until after the death of the widow, when the property, both real and personal, of the testator was to be sold, and it was held that the will did not specifically or by necessary implication give the fee to the executrix, although it was said that such would be the effect where an executor is required to perform duties with respect to the real estate which could only be performed by one clothed with the legal title. *Smith* v. *Hunter*, 241 Ill. 514, was a suit for specific performance, and the question was whether there was a substantial defect in the title of the vendor. The will provided that the husband of the testatrix should have the use of the real estate during his life and upon his death it should be sold by her executor and the proceeds distributed as therein directed. There was neither a devise to the executor nor a right to possession, income or management, but a naked power of sale.

In this case the executor was merely authorized to sell and convey the real estate of William Lines and to make distribution according to the terms of the will and had no right to the land or the possession or the rents and profits. Having no title to the land he could not file a bill to correct mistakes in deeds or to set aside or cancel the conveyances. The necessary parties were not before the court and no decree that the court could enter would bar their rights, but the court heard the evidence and dismissed the bill for want of equity. If the question had been raised in the circuit court an amendment might have been made substituting a proper party as complainant. That was done in *Teutonia Life Ins. Co.* v. *Mueller*, 77 Ill. 22, where an

administrator brought a suit on a policy of insurance, and it appearing that he had no right to maintain the suit, the widow and heirs were substituted as plaintiffs. It is not a proper practice to dismiss a bill in chancery for want of proper parties without giving an opportunity to amend, (*Heinroth* v. *Kochersperger,* 173 Ill. 205,) and in this case the complainant was not even advised by the decision of the court that he was not a proper party complainant. He introduced evidence tending to prove the allegations of the bill, and whatever the proper conclusion might be upon a hearing with proper parties, we regard the case as one where an amendment ought to be allowed.

The decree is reversed and the cause is remanded to the circuit court, with directions to permit an amendment by substituting a proper party or parties complainant, and if such amendment shall not be made within a time limited by the court, then to dismiss the bill at the cost of the complainant, to be paid in due course of administration.

*Reversed and remanded, with directions.*