(No. 22011.—)
LEE McCARTY, Exr., Plaintiff in Error, *vs.* CLYDE McCARTY, Defendant in Error.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

BELLATTI, SAMUEL & MORIARTY, for plaintiff in error.

FUNK & McKEENE, for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a review upon *certiorari* of a judgment of the Appellate Court for the Third District which reversed a judgment of the circuit court of Scott county in a proceeding in forcible entry and detainer.

The questions of fact and law out of which the controversy arises are as follows: On October 29, 1929, Robert McCarty, late of Scott county, departed this life leaving a last will and testament. The only portion material to this litigation is the third clause, in the following words:

"*Third*—It is my will and I so direct that my executor hereinafter named sell all of my real estate within three years after my death, at public or private sale, as he may see fit, and in either case I give him full power to make a deed or deeds to the purchaser or purchasers, to vest a good title in either, and the proceeds of such sale after the payment and expenses of the sale to be equally divided between my children then living share and share alike," etc.

When the testator died, the defendant in error, Clyde McCarty, was in possession of the land in controversy under a lease for one year ending on March 1, 1930. He continued to hold possession, and in November, 1931, the plaintiff in error, as executor of the last will and testament of Robert McCarty, deceased, served a notice on the defendant in error to terminate his tenancy and deliver up possession on or before March 1, 1932. Possession continuing to be refused after March 1, 1932, this proceeding in forcible entry and detainer was commenced and finally resulted in a judgment in favor of the plaintiff in the circuit court.

The question presented to us is only the narrow one of whether or not the plaintiff in error, as executor of the last will and testament of Robert McCarty, is entitled to the possession of the real estate of the deceased. It must be conceded that under our prior decisions the right of possession is not in the executor unless given to him either expressly or by necessary intendment in or from the terms of the will. Although it is clear that the express words of this will do not give the executor any power over rents or profits or any right to possession, it is argued by plain-

tiff in error that such control and right of possession are given by necessary implication. He relies principally upon four cases. The first case relied upon is that of *Mather* v. *Mather*, 103 Ill. 607. That case is not in point either as to the law or the facts, as the will of the testator created an active trust to continue throughout the lifetime of his surviving widow and all of his children, and it did not involve any necessity for deciding the question now before us. The second case relied upon is *Lash* v. *Lash*, 209 Ill. 595. In that case the life use of the property was devised to the widow with remainder to the executor as a trustee. It is likewise of no assistance to us in this investigation. The other two cases cited, *Teater* v. *Salander*, 305 Ill. 17, and *Fenton* v. *Hall*, 235 id. 552, are also beside the point, as in each of them an active trust was involved.

In the case of *Emmerson* v. *Merritt*, 249 Ill. 538, the will of the testator provided as follows: "My executor hereinafter named shall sell and convey by deed, all of my property, both real and personal, and after the payment of my funeral expenses and debts and specific legacies, divide the balance or residue into five equal parts, making distribution as directed in clause 8." The executor of that will filed a bill to correct certain deeds made by the testator in his lifetime, alleging that the grantor intended to convey only a certain portion of the premises described in each deed and that through a mistake of the scrivener the deeds were made to convey more on their face than was intended by the parties. The bill asked that the mistakes be corrected. It was held that the executor had a naked power of sale, and that he had neither any title to the land nor any right to its possession or to its rents or profits. The general rule was there announced that the executor of a will will take that quantity of interest which the purposes of his trust require and no more. The authorities on the point are there quite thoroughly reviewed by the late Justice Cartwright, (pages 540, 541, 542 and 543,) and

it could serve no useful purpose to quote them here in full. It was the holding of the court that although no question had been raised in the circuit court concerning the right of the complainant to maintain the suit, nevertheless the omission of necessary parties might be raised on appeal. It was determined that the real estate of which a decedent died seized descends directly to the heir or devisee, and no title or right of possession or interest therein passes to an executor unless given to him by the will, either expressly or by necessary implication. The general rule was there said to be, that if a testator by his will simply directs an executor to sell real estate and to apply the proceeds to certain specified purposes the executor will take a power, only, whereas if there is a devise to the executor to sell and apply the proceeds as directed by the will he will take an estate in the land. The rule announced in the *Emmerson case* has been consistently followed in this court.

There is no ambiguity apparent from the language of this will and its meaning is plain. It is not necessary that the executor should take either a fee simple title or a right of possession, and the rule is that an executor or trustee will take only such title and right under the will as may be necessary for the performance of his duties. *Lawson* v. *Illinois Merchants Trust Co.* 337 Ill. 49; *Defrees* v. *Brydon,* 275 id. 530; *Drake* v. *Steele,* 242 id. 301; *Ducker* v. *Burnham,* 146 id. 9; *Emmerson* v. *Merritt, supra; Knight* v. *Gregory,* 333 Ill. 643.

It follows from the authorities above pointed out that the executor in this case had neither title nor right of possession, and was therefore not entitled to recover in the forcible entry and detainer suit brought by him.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE, dissenting.