Arthur G. Moore, Executor in the State of California of the Last Will and Testament of Lydia T. McKee, Deceased, et al., Appellants, v. Edward O. Smith, Executor in the State of Illinois under the Last Will and Testament of Lydia T. McKee, Deceased, et al., Appellees.

Gen. No. 9,148.

Opinion filed January 24, 1939.

MONROE & ALLEN, of Decatur, for appellants.

REDMON, REDMON & BODMAN, of Decatur, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

Lydia T. McKee, a resident of the State of California, died testate on April 24, 1932, seized of real estate located in Illinois and California, and possessed of other property. She provided in her will that her Illinois executor should sell her Illinois land and remit the proceeds to her California executor, who was likewise ordered to sell her California land. The entire proceeds were then to be distributed by the California executor, under the terms of the will. The will contained a general residuary clause disposing of all the remainder of her estate to some nineteen beneficiaries, using this language: "I give, devise, bequeath all the rest and residue of my estate of every kind in equal shares unto the following named persons who have been heretofore named in this Will." She appointed her brother, Edward O. Smith, executor of her will in the State of Illinois, without bond, and gave him full power to sell all or any part of her estate in Illinois, without order of court and without notice, and directed

him to sell all property in Illinois and reduce all her estate in Illinois to cash as soon as practical, without sacrificing the same, and pay the proceeds of such sale to the California executor for distribution. She then makes, to a large number of persons, specific bequests in money, ranging from $500 to $24,000. Because of the depressed land values, the Illinois executor did not sell the land immediately after her death, but waited until 1935, when land values had picked up some, and then sold part of it, and sold the remainder in 1937. After testatrix' death, and prior to the sale of said real estate, Edward O. Smith rented out said premises and collected the rents therefrom, and out of the rents paid for the repairs, insurance and taxes, and over and above said expenses there was a net from said land of $14,615.18, which he has in his hands, and which is the subject matter of the dispute in this case.

The circuit court of Macon county on a suit to construe the will filed by Arthur G. Moore, the California executor, *et al.,* entered a decree ordering the rents to be paid to the heirs at law of the testatrix, and found that Lydia T. McKee died intestate as to Illinois real estate pending sale thereof as directed by the will.

The appellant herein, contends that the doctrine of equitable conversion applies because of the mandatory directions to sell given the Illinois executor, and that this doctrine is broad enough to require the net rents to be transmitted to the California executor along with the proceeds of the sale from the land. While the appellee, Edward O. Smith, the Illinois executor, contends that the fee of the Illinois real estate passed as intestate property subject to the power of sale and that the rents belonged to the heirs at law of the testatrix as the owners of the fee. Both the appellant and appellee apparently agree that if their respective contentions cannot prevail, the rents should pass under the residuary clause.

In the construction of a will, it is an elementary principal that a court will, if possible, give effect to the intent of the testator. (*Vierieg v. Krehmke,* 293 Ill. 265.) It is likewise well established that a testator will be presumed to have intended to die testate as to all of his property. (*English v. Cooper,* 183 Ill. 203.) Any reasonable construction of a will which avoids intestacy as to any part of decedents property will be adopted. (*Halderman v. Halderman,* 342 Ill. 550.) The primary rule of construction, which governs in determining what character is to be given to property passing under a will, is the intention of the testator, which, if not expressly stated, must be adduced from the whole instrument rather than from the terms or provisions of any particular part thereof, which, regarded alone, might be inconsistent with the testamentary scheme as a whole. (*Grove v. Willard,* 280 Ill. 247, 255.) However, where, as here, land is not devised to an executor for purposes of sale, but he is merely given a mandatory power of sale, legal title to the land passes to the heirs or devisees under the will subject to the power of sale. (*Emmerson v. Merritt,* 249 Ill. 538; *Pope v. Kitchell,* 354 Ill. 248.) Because of the presumption against intestacy and because testatrix included in her will a general residuary clause broad enough to pass all property not otherwise disposed of, we hold that legal title passed under the residuary clause to the beneficiaries therein named. Not only did legal title to the Illinois land pass, subject to the power of sale to the residuary devisees; under the general rule the rents earned by such land between the time of the testatrix' death and the date of sale, also pass under the residuary clause unless an intention to make other disposition of them is apparent from the will. (69 C. J. 426; *Cruikshank v. Home for the Friendless,* 113 N. Y. 337.)

The will directed the sale of the Illinois land as soon

as practical without sacrifice. This was done within a reasonable time. Specific property was not devised in the will but rather legacies in money. On payment of each particular legacy, full effect will be given to the provisions of the will, and each legatee will have received in full what the testatrix gave him. The $14,615.80 comes within the scope of the residuary clause and should be distributed according to its provisions.

We find nothing in the will compelling us to depart from the general rule and hence we hold that the rents now in the hands of the Illinois executor should be distributed among the residuary devisees and legatees, which gives effect to the intent of the testatrix to dispose of all her property.

The judgment of the circuit court of Macon county is therefore reversed, cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*