(No. 25215.—

CHARLES NADENIK, Appellee, *vs.* GEORGE E. NADENIK *et al.* Appellants.

*Opinion filed December 12, 1939.*

THOMAS A. McCAFFREY, and FRANCIS J. KENNEDY, (LOUIS GREENBERG, of counsel,) for appellants.

JOHN R. McCABE, and HARRY HOFFMAN, (IRVING HOFFMAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

The bill in this suit was filed in the circuit court of Cook county by Charles Nadenik against George E. Nadenik and others, challenging the validity of the alleged will of Anna Cejka, which was admitted to probate on December 5, 1935. The bill charged that Mrs. Cejka was not of sound mind and memory when the instrument was signed by mark and that certain of the defendants fraudulently obtained her mark to the instrument. The prayer of the bill was that the instrument purporting to be a will be declared null and void. An answer by one defendant and an answer in the nature of an interpleader by other defendants were filed. The case was heard by the court and a jury. The jury found that the instrument was not the will of Anna Cejka. A decree was entered on the verdict.

The defendants appealed to the Appellate Court for the First District where the decree of the circuit court was

affirmed. Additional counsel appeared in the cause after the opinion was rendered and a petition for rehearing was filed on the ground that the Appellate Court had no jurisdiction because a freehold was involved, and the petition requested a transfer of the cause to this court, which was denied. Subsequently, a petition for leave to appeal was allowed by this court and the cause is here for review. A motion was made in this court to dismiss the appeal for lack of jurisdiction. The motion was denied. The briefs of counsel for the plaintiff, appellee here, however, present the same question,—that is, that no freehold is involved.

The First National Bank of Cicero was named executor of the will and was directed to sell and reduce to cash property owned by Anna Cejka, located at 1318 South Sixty-first avenue in Cicero, Illinois, and to divide the same as provided in a subsequent provision of the instrument. The remainder, after certain bequests to legatees, was to be divided equally among the nephews of Mrs. Cejka, namely, Charles Nadenik, George Nadenik, and Frank Nadenik. The executor was directed to obtain the best price obtainable, subject to the approval of the majority of the named nephews. The bank declined to act as executor and George E. Nadenik, one of the defendants, was appointed administrator *de bonis non* with the will annexed.

It is the contention of counsel for the plaintiff that there was an equitable conversion by the terms of the will, that no real estate was devised thereby and the freehold is not in issue. An executor, merely by virtue of a power of sale given him by a will, does not take title to real estate upon the death of a testator. (*Emmerson* v. *Merritt,* 249 Ill. 538.) The title to real estate in fee is involved in this case. Some of the nephews of Mrs. Cejka, who are parties to the suit, will gain or lose a freehold interest under any decree which may be entered.

In June, 1935, when the instrument here in question was prepared and signed by mark by Anna Cejka, a woman of

Bohemian descent, she was about eighty years of age. She was a widow and had no children or descendants of children. She owned a two-story building, heretofore mentioned, and shared the occupancy of the second floor with relatives and rented the first floor to a tenant. The amount of personal property she possessed is not disclosed. She died July 27, 1935.

The testimony on the part of the plaintiff is to the effect that until a year before her death Mrs. Cejka had been in good health, physically and mentally. Beginning in February and March, 1935, the testimony for the. plaintiff discloses, there was evidence of some change in her physical and mental condition. An attorney who had prepared a previous will for Mrs. Cejka in 1934 testified that he was called about a month before Mrs. Cejka died to make a new will for her; that he went to her residence for that purpose, but on that occasion she did not know him, and that her conversation at that time "did not seem to make any sense." The attorney did not prepare a new will.

Different witnesses testified that Mrs. Cejka did not know them when they went to her home. Other witnesses testified that upon their return to her presence after a short absence, sometimes of only a few minutes' duration, she would not recognize them. A physician, who testified that Mrs. Cejka had impaired vision, stated that her lack of ability to recognize persons was not due to her poor vision; that when he questioned her she would forget the subject on which she was being interrogated; that he was present at her home one night when it was proposed to prepare a new will, and that when the attorney then present asked the witness whether Mrs. Cejka was in a mental condition to answer questions at that time the witness replied in the negative; that from about June 1, 1935, until her death, Mrs. Cejka's mental condition was very poor. Some witnesses testified that Mrs. Cejka believed that certain women visitors were men. There was other evidence that Mrs.

Cejka would not answer questions asked of her. One witness testified that on one occasion when eating, she had to be told what article of food she had before her. Another witness testified that Mrs. Cejka would reach out as if to take some article from the table when there was, in fact, nothing there, and another witness stated that she would reach to the floor as if to grasp an object when there was none there. There was evidence to the effect that Mrs. Cejka had lost her muscular control and was unclean and filthy. The will was witnessed by Bessie Hajek, Harry R. Hoffman and Irene Durina.

For the defendants, the testimony offered in the probate court upon the proof of the will in question, was read by counsel for the proponents. Two of the witnesses testified that Mrs. Cejka was of sound mind when she placed her mark or signature on the instrument here in question. One of these witnesses testified upon the hearing of the contest that he asked Mrs. Cejka a number of questions and she made intelligent replies, and, although her memory was impaired, in his opinion she had sufficient mind to know her relatives, knew what she was signing when she affixed her mark to the instrument, and was capable of making disposition of her property. Bessie Hajek, who signed the will, testified on the hearing that she visited Mrs. Cejka during the months of June and July, 1935; that Mrs. Cejka asked the witness to interpret and explain anything which Mrs. Cejka might not understand, because of her limited knowledge of English; that the witness heard the questions which the physician and attorney asked Mrs. Cejka before she signed the will, and that Mrs. Cejka answered the questions; that Mrs. Cejka told the attorney how she wanted her property divided and it was the opinion of the witness that Mrs. Cejka knew what property she had and who her relatives were. A third witness who signed the will testified that she did so at the request of the attorney, but it

was her opinion that Mrs. Cejka was not at the time of sound mind. One witness testified that she saw Mrs. Cejka frequently in 1933, 1934 and 1935, did not observe any difference in her condition in any of those years, and that Mrs. Cejka was neat and clean about her person in the spring of 1935.

It is first contended that the trial court erred in refusing to instruct the jury at the conclusion of the plaintiff's testimony and again at the conclusion of all the evidence. The basis of the motion was that the testimony introduced by the plaintiff was not sufficient to warrant the submission of the issues to the jury. We have recited acts, conversations and incidents bearing upon the mental ability of Mrs. Cejka appearing in evidence, from which the various witnesses concluded that she was not of sound mind at the time the purported will was signed by Mrs. Cejka. That evidence was competent for the purpose introduced and was of such a character as to justify the court in submitting it to the jury.

Counsel for the defendants attempt to show that some of the evidence on behalf of the defendants is more trustworthy than that presented by the plaintiff. Counsel call particular attention to the testimony of two witnesses for the defendants, both of whom are stated to be distinterested. One of these witnesses testified that she had known Mrs. Cejka for thirty-five or forty years. This witness was the tenant on the first floor of the building owned by Mrs. Cejka. She stated that she observed no change in Mrs. Cejka's condition in the years 1933, 1934 and 1935. The testimony that there was no change in Mrs. Cejka's condition during the years mentioned is not in harmony with the preponderance of the testimony. The other witness mentioned is a physician and was one of the witnesses to the will. He testified that he asked Mrs. Cejka a number of questions on the night the will was prepared and before she signed the instrument. There was, however, testimony of another physician

who attended Mrs. Cejka until her death who testified to the contrary. While physicians are better qualified to testify to a diseased condition than are laymen, their testimony upon the subject of the mental capacity of an individual whom they have been privileged to observe is not entitled to any greater weight than that of laymen. (*Sharkey* v. *Sisson,* 310 Ill. 98.) Where there is a conflict in the evidence it is the function of the jury to pass upon the evidence, determine whether witnesses were interested or disinterested, and the amount of weight which should be given to their testimony.

It is contended that a comparison of the two wills in connection with the evidence discloses a purpose on the part of Mrs. Cejka to rectify by the second will an injustice which would be done to two of her nephews if the provisions of the first will were permitted to stand. The provisions of the two wills do not disclose any intention or purpose of the maker other than through the devises and bequests, except that paragraph six of the first will states that the reason for the devise and bequest to Charles Nadenik, the plaintiff here, was "in consideration of all the care, aid and attention he and his wife have given me in the last few years." The mere fact that the estate under the second will would be a more nearly equal division among the nephews mentioned than the provisions of the first will is no indication, in itself, of an injustice done. There were instructions given to the jury but they are not before us, and there is no complaint that the jury was not properly instructed.

We have considered the entire testimony and do not find any reason to disturb the verdict of the jury and the decree of the circuit court, and that decree is, accordingly, affirmed.

*Decree affirmed.*