Arthur L. Rauschkolb, Executor of Estate of John B. Kissel, Deceased, and Individually, Appellees, v. Estelle Rebhan Ruediger, Executrix of Estate of Dina Kissel, Appellant.

Heard in this court at the February term, 1945. Opinion filed March 14, 1945. Released for publication April 14, 1945.

W. E. KNOWLES, of East St. Louis, for appellant.

JOHNSON & JOHNSON, of Belleville, for appellee.

MR. PRESIDING JUSTICE BRISTOW delivered the opinion of the court.

Dina Kissel, a resident of Belleville, Illinois, died April 16, 1934, leaving both real and personal property and a last will and testament which was admitted to probate in St. Clair county, Illinois. The fifth and seventh paragraphs of said will, with certain omissions indicated, are in the following words: "Fifth: I hereby empower and direct my executrix to sell the one-half interest of the farm of which I am possessed, being located south of Belleville, on the old Freeburg Road, and that out of the proceeds of said sale, which can be either public or private, my Executrix shall pay to the following persons, the following amounts: Stella Rebhan Ruediger, the sum of Five Thousand Dollars, ($5,000.00); to Frieda Mueller, niece, the sum of One Hundred Dollars; . . . (Here follows like wording of various amounts to various named persons) and to issue a deed for said property." . . . "Seventh: I give, devise and bequeath, all the remaining of my property, both real and personal, of whatever kind or nature, unto John Kissel, to have and to

hold forever, which shall include any balance that may remain from the sale of my farm as hereinbefore provided.'' The sixth clause of her will bequeaths to John Kissel, her husband, real estate located on East B street, Belleville.

John B. Kissel died testate, January 8, 1935, and appellee Arthur L. Rauschkolb was appointed and qualified as executor of his will.

Appellant, Estelle Rebhan Ruediger, qualified as executrix of the estate of Dina Kissel, deceased, and collected cash and crop rents from the undivided interest in farm lands owned by decedent at her death. At the date the present suit was instituted, this executrix had $819.46 in her hands as such rents received. Appellant, as executrix, in two separate sales, sold the farm lands owned by Dina Kissel, and made distribution from the proceeds of such sales to the various named legatees under the fifth clause of the will above referred to, in the total amount of $5,628. This left a deficit of $1,072 on the total amount designated in the fifth clause remaining due the legatees therein named. $853.25 remains in her hands as proceeds of said sales.

Appellee instituted suit for construction of the Dina Kissel will, to which answers and a cross bill were filed. The pleadings raise questions as to whether these legacies were specific or demonstrative; whether they drew interest; whether they abated pro rata; whether they carried with them the rent monies as accretions; whether they were subject to the costs of the sales and whether John Kissel or the executor of the estate of Dina Kissel took these rents. The decree found that the legacies in question were specific; that they were payable only out of the proceeds of the sales; that they did not draw interest; that they were subject to the payment of the costs of the sales; that they abated pro rata; and that John Kissel was entitled to rents collected.

The Dina Kissel will provides that: "Out of the proceeds of said sales . . . my executrix shall pay the following persons the following amounts." There are no other words in the will providing for the payment of these named legatees except in the fifth clause. Appellees contend these legacies are specific. Appellant contends they are demonstrative, and any deficit is payable out of the rents and general assets of the estate.

▉▉▉ General assets of an estate are not liable for the payment of a deficit of a specific legacy. 3 *Woerner on Administration*, 3rd Ed., sec. 444. In *Baker v. Baker*, 319 Ill. 320, 324, a will provides: "I hereby will and bequeath to . . . Church, the sum of five hundred dollars, the same to be paid out of any moneys or notes which I may have on hand at the time of my death, and all the rest and residue . . . I give to . . . ." In construing this will, the court held that the gift to the Church "is not simply made a charge against the moneys and notes of testatrix, but there is a specific direction that it shall be paid out of such fund. It seems clear, therefore, that these legacies cannot under any circumstances become charges against the general assets of the estate, and therefore they are neither demonstrative nor general legacies." The court concluded that, the legacy being specific, it should abate and contribute ratably for the payment of debts and charges against the estate.

Appellant contends that the case of *Lenzen v. Miller,* 378 Ill. 170, overrules *Baker v. Baker, supra,* and lays down a contrary rule, and being a later case, should be followed by this court. We do not think it overrules *Baker v. Baker,* but instead cites it with approval. In *Lenzen v. Miller,* the court particularly distinguishes the gift there, to be a demonstrative legacy from the words of the will and certain circumstances surrounding the contemplated mortgage when the will was made. At page 176, the court particularly pointed out

the words of that will to be, "I give, devise and bequeath to my niece, . . . $2,000.00," as indicating the intent to give the niece that amount and the court said "The quoted part could not be given a construction other than that it is a bequest of $2,000.00 and payable as a general legacy."

The will of Dina Kissel did not give any certain amount to a certain legatee and then direct that same be paid out of a fund. It directed that the farm lands "be sold" and "out of the proceeds of said sale" the executor should pay certain persons certain designated amounts and the balance of the proceeds under the seventh clause to John Kissel. These legacies were parts, and all of the parts, of a particular fund which the Dina Kissel will distinguished from all the rest of her estate of the same kind. The gift outright in the case of *Lenzen v. Miller* was the distinguishing provision that determined the court in that case to designate it as a demonstrative legacy. It is our opinion that the legacies in the fifth clause of the Dina Kissel will are specific legacies.

The Dina Kissel will did not give the farm *to* the executor as trustee. It directed and empowered the executor to sell the lands and apply the proceeds. The executor took a power only and not an estate in the land. *Emmerson v. Merritt,* 249 Ill. 538, 541. Appellant, as executor, did not take the legal title to this farm land. *Buckner v. Carr,* 302 Ill. 378, 385. The legacies in the fifth clause were legacies of money. The legatees had no interest in the land. *Buckner v. Carr, supra.* Their interest could not be subject to judgment against the land. *Darst v. Swearingen,* 224 Ill. 229, 233.

In *Meily v. Knox,* 269 Ill. 463, a codicil to the will devised lands and personal property to a sister with power to sell same and directed her to distribute the proceeds from the sale of the Ohio land, subject to specific legacies in clause 3 of the will, as far as the

proceeds would go and in the order indicated. The third clause contained bequests in specified amounts of money to named persons. It was contended that the bequests were demonstrative legacies. The court held that there was no gift to the persons named aside from the direction to distribute the proceeds and that there was nowhere in the will any evidence of an intention to give the persons named any amount except such as might be received from the sale of the real estate. The real estate having been conveyed by testator, the court held there was no basis left for said legatees to claim any interest in the estate. The Dina Kissel will contains like directions and has no other intention except to distribute the proceeds of the sale of the farm lands as far as they would go. Appellant has cited, quoted, and forcefully argued a number of cases. We have read all of these cases and do not believe they are determinative of the questions presented in the instant case. These cases hold that such devise of proceeds of sale is personal property; that the land would not be subject to partition by heirs or legatees, nor by attachment upon a debt of a distributee and that such a devisee could not pass his interest by deed to a part of the land. One case relied on, *Daniels v. Brooks,* 377 Ill. 44, provided that a sale should be made to pay costs, expenses and debts and to make distribution, and the court held that in such case the words were more than granting a power of sale.

The next question is whether the legacies should abate pro rata and be subject to expenses of the sales, since the total proceeds were less than the total amount of the specific legacies. We are of the opinion that they do abate pro ratably and are chargeable with the expenses of the sales. *Baker v. Baker,* 319 Ill. 320, 324.

Appellant strenuously contends that the rents on hand are accretions to the legacies and should go pro ratably to the legatees. She cites many authori-

ties in reference to income and profits from trust funds. We have read all the cases cited and note the theory of appellant, but we do not believe that such cases cited are controlling here. Counsel cited *State Bank of Chicago v. Gross,* 344 Ill. 512, 519. Examination of that authority shows that the will created a trust fund with directions for investment. And in *Howe v. Hodge,* 152 Ill. 252, a gift of the balance, including the rents, was made. The Kissel will in principle is quite dissimilar. Examination of other cases cited show them distinct from the principles here involved. The rents in this case are not accretions to the specific legacies. Only a power of sale and distribution of proceeds has been given appellant as executor. Rents go to heirs and the administrator who may sell the real estate is not entitled to rents nor can an heir be compelled to return rents for payment of debts. Rents go to the residuary beneficiary, John Kissel, under the seventh clause of this will. He having died, the same will be distributed to appellee as executor of his estate. *Moore v. Smith,* 298 Ill. App. 417, 420; *Emmerson v. Merritt,* 249 Ill. 538, 543; *McCarty v. McCarty,* 356 Ill. 559, 561; *Green v. Massie,* 13 Ill. 363; *Foltz v. Prouse,* 17 Ill. 487.

Counsel have conceded that if the legacies in the fifth clause of the Dina Kissel will are specific legacies, they do not draw interest. We have so determined and find the legatees are not entitled to interest.

Counsel for appellant has assailed other conclusions reached by the lower court, but failing in his brief to argue same or supply the court with any authority in support thereof, his assignment of error may be treated as abandoned. Error assigned, but not argued cannot be considered by a reviewing court. *People v. Phelps,* 388 Ill. 618, 58 N. E. (2d) 615.

We find no error in the decree. The decree should be and accordingly is affirmed.

*Decree affirmed.*