Charles Weldon Ellis, Appellee, v. Alice King and Helen Carter, Individually and as Trustees, Appellants.

Gen. No. 10,302.

 Opinion filed January 4, 1949. Released for publication January 24, 1949.

LAWRENCE F. O'BRIEN and JEROME J. DOWNEY, both of Rockford, for appellants.

GUYER & SMITH, of Rockford, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Winnebago county denying defendants, Alice King and Helen Carter, a credit of $3,500 on their account, as trustee, for the payment of a mortgage on a parcel of real estate held in trust for the plaintiff, Charles Weldon Ellis, and rendering judgment against defendants individually, and as trustees, in the sum of $4,450. Plaintiff has filed a cross appeal from that portion of the decree allowing defendants a credit of $150 for attorney fees, and rejecting plaintiff's claim for interest on the sums withheld by the trustees.

The primary inquiry presented by the case at bar is whether the defendants, as trustees of a residuary devise under a will which provided that the legacies shall be a lien on the trust property, can properly pay off an existing mortgage on the trust property with rentals derived therefrom.

By the terms of the will of Sara H. Weldon, ancestor of both parties herein, who died on May 29, 1938, the specific bequests were made a "lien on any and all real estate" possessed by her at the date of her death. The testatrix devised the residue of the estate consisting of

three tracts of land, to her nieces, the defendants, Alice King and Helen Carter, as trustees, to be held in trust for the benefit of the testatrix's grandson, the plaintiff, Charles Weldon Ellis. As beneficiary thereunder he was to receive the income from the trust for his education and support until he reached the age of twenty-five, at which time the trust would terminate and the corpus of the trust, together with all accumulated income, was to be turned over to him.

The will further provided that the defendants were to be the executors as well as the legatees of specific bequests. As executors, defendants had authority to sell the real estate, which constituted the corpus of the trust, to pay the legacies and debts. They chose, however, to delay such sale and to rent the property instead. They apparently appointed one Thomas Carter as agent to collect the rents, but neither he, nor the trustees, kept any accounts or records, and no sums were ever paid to the plaintiff. At the trial Thomas Carter testified that he kept the rents in a strong box in his room, and his testimony with reference to any records was incoherent and inconsistent.

It appears, further, that one of the tracts of land, the Lakin Terrace property, had been encumbered by the testatrix in 1930 by a mortgage in the amount of $3,500. Defendants claim in their report as trustees herein that they applied the sum of $3,500 from the rents to retire this mortgage. There is, however, a dearth of evidence to that effect. In fact, defendants' report to the probate court indicates that the mortgage was deducted from the purchase price of the property when defendants sold the tract in 1944, inasmuch as the sale of the property and the discharge of the mortgage occurred at the same time.

Plaintiff reached his twenty-fifth birthday in 1945, and filed his original complaint against the defendants in 1947, wherein he alleged, in substance, that defendants, as trustees, had collected rentals on the trust

property to which he was entitled as beneficiary, and that defendants had made no payments, nor rendered any accounts of the status of the trust.

Defendants did not file an answer thereto, and judgment by default was entered, requiring defendants to present an accounting. In this report the trustees stated that they received $9,616 as rentals from the premises, all of which had been paid out on repairs, interest, taxes and insurance. They attached thereto a copy of their executors' account, which had been filed in the probate court revealing the sale of the real estate, the payment of the mortgage, and a deficiency of cash necessary to pay the legacies under the will of Sara H. Weldon.

The circuit court, on plaintiff's motion, surcharged the trustees with the sum of $9,616, and gave them seven days to account further. In this latter account defendants claimed the disputed credit of $3,500 for payment on the Lakin mortgage, as well as a credit for attorney fees in this proceeding.

After a hearing the parties stipulated that the defendants, as trustees, had collected $10,925 as rentals from the three trust properties; that as trustees they were entitled to be credited with the sum of $6,325 as expenditures; that all rights between the parties arising out of the trust created by the will of Sara H. Weldon were settled, except the trustees' claim to a credit for $3,500 paid on the Lakin mortgage, their claim to attorney fees, and plaintiff's claim to interest on the trust funds withheld from him.

The circuit court disallowed the trustees the $3,500 credit on their account, and rendered judgment against them individually, and as trustees, for $4,450, from which they appeal. The court further granted defendants a credit of $150 for attorney fees and denied plaintiff's claim to interest, from which order plaintiff has filed a cross appeal.

Under the terms of the will of Sara H. Weldon a residuary trust was created whereby defendants were named trustees, plaintiff was designated as the beneficiary, and the real property belonging to Sara Weldon at the date of her death constituted the corpus of the trust. The legal entanglements which have arisen herein are the result of defendants' multiple rolls under the will. As legatees and executors, it was to defendants' interest to accumulate for the estate sufficient assets so that the specific legacies could be paid in full. This position was in conflict with defendants' obligations and duties under the will, as trustees of the real property for the benefit of the plaintiff.

It is defendants' contention herein that the residuary trust did not come into being, inasmuch as there were insufficient funds after the sale of the real estate to pay the debts and specific legacies. This contention, however, is not only inconsistent with defendants' stipulation incorporated in the decree as to the existence of the trust, and the fact that, as trustees, they collected $10,925 as rents from the corpus of the trust, but it is untenable as a matter of law.

Upon the death of the testatrix the rights and interests of the parties vested, and title to the real estate passed to defendants as residuary devisees to be held in trust for plaintiff, rather than to defendants as executors. (*Bucher v. Bucher,* 86 Ill. 377; *Moore v. Smith,* 298 Ill. App. 417.) Nor was the vesting of title postponed by the fact that the will made the debts and legacies a lien on the trust property. Plaintiff's interest in the trust was merely subject to the exercise of the lien.

In *Moore v. Smith, supra,* where the will of the testatrix contained a general residuary clause, and gave the executors full power to sell the land and remit the proceeds for distribution, as in the instant case, the court held that not only did legal title to the

land pass directly under the residuary clause to the beneficiary named therein, subject to the power of sale, but that all rents earned by such land between the time of the testatrix's death and the date of sale, belonged to the residuary devisees, rather than to the executor.

█ In the case at bar, therefore, defendants held title to the property as residuary devisees in trust for plaintiff. When they proceeded to rent this property, they were acting in their capacity as trustees, and the rents derived from the property between the date of the death of the testatrix and the sale of the land, constituted income of the trust, which should have been held by defendants as trustees for the benefit of plaintiff under the terms of the will of Sara H. Weldon. This income was not available as an asset of the estate for the payment of specific legacies by the executors. (*Raushkolb v. Ruediger,* 325 Ill. App. 342; *Moore v. Smith, supra.*)

Defendants rely on the case of *Simonsen v. Hutchinson,* 231 Ill. 508, in support of their argument that, inasmuch as there were insufficient assets after the sale of the property to pay the specific legacies to which they personally were entitled, therefore the residuary clause creating the trust was a nullity, and the rents were part of the assets of the estate of Sara H. Weldon.

The rule of law propounded by the court in that case, however, merely provides that where the personalty is insufficient to pay debts and legacies, the legacies may, upon construction of the will, be made a charge on the real estate of the testator, even in the absence of a specific direction to that effect. Inasmuch as in the instant case the will of Sara H. Weldon specifically contained such a provision, it was not necessary to invoke that rule, and the *Simonsen* case in no way alters the rights of the parties herein to income from the trust property.

█ Plaintiff's right and interest in the trust property vested on the death of the testatrix, and although this right was subject to the power of the executors to sell the property if necessary to pay the specific legacies, pending such sale the income from the trust property belonged to the beneficiary. Plaintiff's right to the rents cannot be divested on the ground that there were insufficient assets to pay the specific legacies after the sale of the property.

██ Nor does the fact that these rentals were allegedly diverted to pay off a mortgage on the trust property modify the rights of the parties. It is a recognized canon of trust law that interest on a mortgage may be paid out of income, but that principal, which was what defendants allegedly paid in the instant case, should be paid out of corpus. (Bogert on Trusts, Vol. III, sec. 603; ch. 30, sec. 162, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 135.42].) Hence the payment of the mortgage principal out of income by defendants was an unfair and improper apportionment of the trust property. Moreover, this payment of the mortgage out of rentals, if in fact it was so paid, merely served to enhance the sums available for the specific legacies upon the sale of the land, and was tantamount to a misappropriation of funds to which plaintiff was entitled under the will.

From the evidence adduced, it is doubtful whether these rents were even applied by the trustees on the mortgage. Neither the defendants nor their alleged agent kept any records, and the rents amounting to approximately $10,925 were supposedly kept by the agent in a strong box in his room. Furthermore, defendants' report to the probate court as executors, revealing that the payment of the mortgage and the sale of the property occurred at the same time, indicates that the amount of the mortgage was probably deducted from the purchase price when the property

was sold in 1944. As executors, defendants took credit for that payment in their report to the probate court of the sale of the land, and now in this proceeding defendants, as trustees, claim that the mortgage was paid out of rentals rather than principal, in order to account for $3,500 of the $10,925 sum they collected as rents.

However, even assuming that defendants did pay the mortgage out of rentals, they were not entitled, as trustees, to take credit for that sum, for their conduct constituted a diversion of $3,500 of trust income for their own benefit, and the circuit court did not err in denying defendants' claim therefor.

With reference to plaintiff's cross appeal, it is our considered judgment that the lower court committed error in refusing to charge the trustees with interest, and in allowing them a credit of $150 for attorney fees.

By the terms of the will of Sara H. Weldon, the plaintiff was entitled to income from the residuary trust during its duration, for his education and support. Although the trustees received over $10,925 as rents from the corpus of the trust, no funds were ever paid to the plaintiff during the life of the trust. Furthermore, despite the fact that the will provided that when plaintiff reached his twenty-fifth birthday the trust should be terminated and the corpus delivered to him together with all accumulated income, defendants refused to pay plaintiff anything, or even to render an account of the rents and expenditures, of which they kept no record or books. In fact, it was only after the circuit court surcharged the defendants with $9,616 that they offered any information concerning their management of the trust.

■■ Courts of equity will charge a trustee with interest where it appears that the trustees have retained funds belonging to the beneficiary, (*Mathewson v. Davis,* 191 Ill. 391, 399), or where the trustees have not kept books and records nor rendered an account.

(*Crimp v. First Union Trust & Savings Bank,* 352 Ill. 93.) In view of defendants' dereliction in the performance of their duties, and their misappropriation of $3,500 from rents due the plaintiff for the alleged payment of the mortgage for their own benefit as specific legatees, this is clearly a case where equity should charge defendants interest. Therefore, plaintiff, Charles Weldon Ellis, is entitled to recover interest at the rate of 5 per cent from June 19, 1945 on the amount found owing to him.

The law is well settled that trustees cannot reimburse themselves from the trust estate for their attorney fees, unless those fees were incurred in the management and preservation of the trust estate. (*Crimp v. First Union Trust & Savings Bank, supra.*) They cannot charge for fees incurred in litigation hostile to the estate, (*Billing v. Warren,* 216 Ill. 281) or hostile to the cestui. (*Bennett v. Weber,* 323 Ill. 283.)

The proceedings in the case at bar were clearly the result of defendants' recalcitrance and dereliction in their duties as trustees. As a result of their conduct plaintiff has had to incur obligations for attorney fees, and it would be a miscarriage of justice to deduct from the sum to which he is properly entitled the amount of defendants' attorney fees. Therefore, defendants claim for a credit for such fees should have been denied by the circuit court, and the sum of $150 should be added to the $4,450 which the court held was due to the plaintiff.

On the basis of the foregoing analysis the claim presented in defendants' appeal should be denied, and plaintiff's cross appeal should be allowed. The judgment rendered by the circuit court is, therefore, affirmed in part, and reversed and remanded with reference to the issues presented by plaintiff's cross

appeal, with directions to enter a judgment in accordance with the views expressed herein.

*Judgment affirmed in part and reversed and remanded with directions.*