Lynn **MARTIN**, Secretary of the United States Department of Labor, Plaintiff,

v.

Dennis **WALTON**, et al., Defendants.

Civ. A. No. 90–6587.

United States District Court, S.D. Florida, Miami Division.

June 4, 1991.

Jill Nexon Berman, Valdes–Fauli, Cobb, Petrey & Bischoff, P.A., Miami, Fla., William Zuckerman, U.S. Dept. of Labor, Office of the Sol., Plan Benefits Sec. Div., Timothy St. Clair Smith, Feder & Associates, Washington, D.C., Robert A. Rosenberg, Asst. U.S. Atty., Ft. Lauderdale, Fla., Marty Steinberg, Miami, Fla., for plaintiff.

Howard S. Susskind, Sugarman & Susskind, P.A., Herbert Stettin, Rodger A. Traynor, Fowler, White, Burhett, Hurley, Banick & Strickroot, P.A., Miami, Fla., Manny Garcia, Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, Fla., for defendants.

Gill S. Freeman, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.C., Miami, Fla., Robert P. Gallagher, Groom & Nordberg Chartered, Washington, D.C., for Operating Engineers Local 675 Pension Fund and Health and Welfare Fund.

## MEMORANDUM OPINION AND ORDER

RYSKAMP, District Judge.

The law firms of Groom and Nordberg, Chartered, and Ruden, Barnett, McCloskey, Smith, Shuster & Russell, P.A. ("Defense Counsel") appear in this action on behalf of the Operating Engineers Local 675 Pension Fund and Health and Welfare Fund (collectively "the Funds") and the "individually named trustees in their capacities as trust-ees".[1] Notice of Appearance, filed July 25, 1990. Defense Counsel have submitted to the Court-appointed Named Fiduciary of the Funds an application for payment of attorneys fees and litigation expenses incurred in their defense of the Funds and the trustees in this action and now move the Court to authorize payment. Plaintiff Secretary of Labor ("the Secretary") objects to the payment of such fees and expenses from assets of the Funds. The issue before the Court is whether, in the context of the subject action, the payment of Defense Counsel's fees and expenses from assets of the Funds is permissible under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. §§ 1001 *et seq.*

The Secretary commenced this action on July 23, 1990, pursuant to her enforcement authority under sections 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), alleging that the trustees violated several provisions of the Act in their management and administration of the Funds. Specifically, the complaint alleges, *inter alia*, that the trustees: (1) by investing approximately 95% of the Pension Fund's assets in four parcels of commercial real estate in Broward County, Florida, failed to diversify investments of the Pension Fund so as to minimize the risk of large losses, in violation of section 404(a)(1)(C) of ERISA, 29 U.S.C. § 1104(a)(1)(C); (2) failed to maintain sufficient liquidity and appropriate cash reserves to timely defray administrative expenses and accrued benefit obligations, in violation of the loyalty and prudence requirements of sections 404(a)(1)(A) and (B) of the Act, 29 U.S.C. § 1104(a)(1)(A) and (B); and (3) caused the Funds to engage in prohibited loans and transfers of assets from one Fund to the other, in violation of section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2). The Secretary avers that as a direct and proximate result of

---

1. The trustees, identical to both Funds, are Dennis Walton, Joseph Gagne, Michael Perri, Jr., Andrew Warner, Russell Sepielli, and Don May-lan, all of whom currently serve, and Vincent Bochicchio, a former trustee who served during times relevant to the action.

these fiduciary breaches, the trustees have essentially caused the Funds to become insolvent.

Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, the Secretary joined the Funds as parties defendant for the sole purpose of assuring that complete relief—primarily the correction of the prohibited inter-Fund transfers—could be achieved. The complaint alleges no violations of ERISA by the Funds, as entities, and seeks neither restitutionary nor injunctive relief from or against the Funds. In sum, the trustees alone are charged with imprudent conduct by the Secretary and it is from the trustees alone that relief is demanded.

Contemporaneously with the filing of the complaint, the Secretary filed an application for a preliminary injunction to remove the trustees and to appoint in their stead a receiver to serve as the Funds' named fiduciary. On July 26, 1990, the Court (Honorable Thomas E. Scott presiding) conducted an evidentiary hearing on the Secretary's application. At the conclusion of the hearing, the Court found, *inter alia*, that:

> [T]he Funds' investment policies are inappropriate, inadequately diversified and lack the requisite security which the Funds must achieve. In addition the trustees have failed to keep a sufficient amount of plan assets in liquid assets so as to have an adequate source from which to pay benefits. Such investment policies and/or decisions have not been prudent or in the best interests of the Funds and their respective participants and beneficiaries.

Injunction at ¶ 6. The Court additionally found that:

> [T]he defendant trustees appear to have violated ERISA pursuant to the allegations in the Complaint; [and] there is a substantial likelihood that the Secretary of Labor will prevail on the merits....

Injunction at ¶ 7. The Injunction further provides that the Court-appointed fiduciaries have authority to "provide legal advice and services ... to the Funds." Injunction at ¶ 25. It is against this backdrop of findings that the propriety of payment from plan assets of defense costs incurred by the Funds and trustees in this action must be judged.

■ The seminal purpose of ERISA is to protect the interests of participants and beneficiaries of employee benefit plans. *Eaves v. Penn,* 587 F.2d 453, 457 (10th Cir.1978). To achieve this purpose, Congress established within the Act standards of conduct for fiduciaries who administer those plans and have discretionary authority over the disposition of plan assets. *Donovan v. Cunningham,* 716 F.2d 1455, 463 (5th Cir.1983), *cert. denied* 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984). These standards of fiduciary conduct:

> [A]re to be governed, interpreted and judicially determined both in light of the common law of trusts, and the special nature, purpose and intent of employee benefit plans.

*Donovan v. Mazzola,* 2 Emp. Ben. Cases. [BNA] 2115, 2133 (N.D.Calif.1981), *aff'd* 716 F.2d 1226 (9th Cir.1983), *cert. denied* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984).

■ At common law, payment or reimbursement from the trust of expenses incurred by a trustee in an action, the primary purpose of which was to benefit the trustee rather than the trust estate or beneficiary, was absolutely prohibited. III Scott on Trusts § 188.4, at 67–68 (4th ed. 1988) ("Where the trustee employs an attorney for his individual benefit and not for that of the estate, he must pay the attorney out of his own pocket and is not entitled to reimbursement from the trust estate."). Thus, in *Harvey v. Leonard,* 268 N.W.2d 504, (Iowa 1978), the court denied payment from the trust of attorneys fees and defense costs incurred by breaching trustees even though they successfully defended the action on the grounds of laches. Similarly, in *Behrman v. Egan,* 31 N.J.Super. 95, 106 A.2d 36 (1953), the court held that trustees who have been found to have violated the trust are precluded from reimbursement of costs incident to their defense of the action. In *Ellis v. King,* 336 Ill.App. 298, 83 N.E.2d 367, 371 (1949), the court observed:

The law is well settled that trustees cannot reimburse themselves from the trust estate for their attorneys fees, unless those fees were incurred in the management and preservation of the trust estate [citation omitted]. They cannot charge for fees incurred in litigation hostile to the estate or hostile to the cestui [citations omitted].

This Court has found that the trustees have mismanaged the Funds and have failed to preserve the Funds' assets. Injunction at ¶ 6. Under such circumstances, and applying the established principles developed in the common law, the trustees are prohibited from using the assets of the Funds to defray the costs incurred by them in their defense of this action. Such a conclusion is even more compelling under the Act pursuant to which this litigation was commenced.

■ In enacting ERISA, Congress federalized the common law of trusts and made even more exacting the principles there developed as they relate to employee benefit plans. *Donovan v. Mazzola*, 716 F.2d 1226, 1231 (9th Cir.1983). For example, under general trust principles, the presence or absence of bad faith was a factor considered by courts in determining the appropriateness of allowing litigation expenses to the trustee; under ERISA, however, legal fees are not permitted to a breaching fiduciary, even if the action constituting the violation were undertaken by the fiduciary in good faith and did not result in a loss to the plan. *See Leigh v. Engle*, 619 F.Supp. 154, 158–59 (N.D.Ill.1985).

The Act mandates that the expenditure of plan assets must be exclusively for providing benefits and defraying reasonable expenses of administering the plan. Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A). Additionally, sections 406(a)(1)(B) and (D) of the Act, 29 U.S.C. § 1106(a)(1)(B) and (D), prohibit the extension of credit or the transfer of plan assets to a party in interest [2] unless such transfer, if to a fiduciary, is "for the reimbursement of expenses properly and actually incurred,

in the performance of his duties with the plan". Section 408(c)(2) of ERISA, 29 U.S.C. § 1108(c)(2). Finally, section 410(a) of the Act, 29 U.S.C. § 1110(a), invalidates, as against public policy, any agreement which purports to relieve a fiduciary from responsibility or liability under ERISA. These sections thus prohibit the reimbursement by employee benefit plans to a fiduciary if, under the circumstances, such expenditure would not constitute a reasonable expense properly incurred in administering the plan. *Donovan v. Mazzola* 2 Emp. Ben. Cases [BNA] at 2137–38.

Courts that have addressed the litigation expense issue in factual contexts similar to that presented here have concluded that the advancement or reimbursement of attorneys fees and defense costs are not a properly incurred or reasonable expense of plan administration and, accordingly, are impermissible. *Donovan v. Mazzola*, 2 Emp. Ben. Cases [BNA] at 2138; *Leigh v. Engle*, 619 F.Supp. at 158–59; and *Donovan v. Sciarra*, 5 Emp. Ben. Cases [BNA] 2409, 2414 (D.N.J.1984).

Additionally, courts construing the provisions of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq.*, which, in a statutory scheme similar to ERISA, establishes federal fiduciary standards for union officials, have required return of legal fees advanced from union funds during an unsuccessful defense to a claim of fiduciary imprudence. *Morrissey v. Segal*, 526 F.2d 121 (2d Cir.1975); *Highway Truck Drivers and Helpers Local 107 v. Cohen*, 182 F.Supp. 608 (E.D.Pa.1960), *aff'd.* 284 F.2d 162 (3rd Cir.), *cert. denied* 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961).

Defense Counsel argue that these principles are not controlling with respect to their application for fees because they have "not undertaken the defense of the trustees in their individual capacities against claims for personal liability"; rather, Defense Counsel contend, their "representation of the trustees extends only to their capacity as trustees—i.e. those persons

---

**2.** As fiduciaries of the Funds, the trustees are parties in interest with respect to the Funds, pursuant to section 3(14)(A) of the Act, 29 U.S.C. § 1002(14)(A).

through whom the Funds act." Def. Mem. at 13.[3] The Court finds Defense Counsel's argument to be inconsistent with both ERISA's underlying intent and its regulatory scheme.

The Act's declared policy, as enunciated by Congress, is, *inter alia*, to "establish[ ] standards of conduct, responsibility, and obligation for *fiduciaries* of employees benefit plans ..." Section 2(b) of ERISA, 29 U.S.C. § 1001(b), (emphasis added). In furtherance of that policy the Act provides that:

> all assets of an employee benefit plan shall be held in trust by one or more trustees
>
> [and]
>
> \* \* \* \* \* \*
>
> upon acceptance of being named or appointed, the trustee shall have exclusive authority and discretion to manage and control the assets of the plan

29 U.S.C. § 1103(a). The management and control of those assets by the trustees must conform to the fiduciary standards imposed by sections 404 and 406 of ERISA, 29 U.S.C. §§ 1104 and 1106. The Secretary has alleged, and this Court has preliminary found, that defendant trustees, as *fiduciaries* of the Funds, violated their responsibilities under these sections. The defendant trustees are personally liable to restore to the Funds any losses occasioned by their conduct as fiduciaries. Section 409(a) of ERISA, 29 U.S.C. § 1109(a). In sum, *violations* of the Act are predicted on the conduct of the fiduciary in his representative capacity, while *relief* under the Act is available against the fiduciary in his personal capacity.

Defense Counsel further argue that their representation extends only to the protection of legitimate interests of the Funds, as entities; that they were not retained to represent the "trustees in their individual capacities with regard to any allegations of fiduciary breach". Def. Resp. Mem. at 3.

The Court notes, however, that the answer filed by Defense Counsel on behalf of the Funds, two weeks after the issuance of the Injunction, deny all allegations of fiduciary imprudence by the trustees.[4] It is difficult to understand how Defense Counsel's denial of the trustees' fiduciary misconduct, which this Court previously found to have occurred and further found to have been detrimental to the Funds and their participants, could possibly protect the legitimate interests of the Funds.

Upon consideration of the memoranda submitted and argument of counsel, the Court concludes that Defense Counsel's appearance in this action ultimately is, and has been, for the benefit of the trustees. Having determined, for the purpose of preliminary injunctive relief, that the trustee actions, as alleged in the complaint, were violative of ERISA and detrimental to the interests of the Funds and their participants, the Court concludes that payment from assets of the Funds of fees and expenses incurred in connection with the representation of the Funds and the trustees by Defense Counsel in this action, or matters relating thereto, is prohibited. Accordingly, Defense Counsel's motion for an order authorizing the Named Fiduciary to pay such fees and expenses is DENIED.

To the extent that assets of the Funds have been expended to pay such fees and expenses, they are to be forthwith restored to the respective Fund from which payment was made. The Named Fiduciary is empowered and directed to enforce the terms of this provision.

IT IS SO ORDERED.

---

3. The trustees, as individuals, appear herein *pro se.*

4. The trustees, in their "individual capacities" have filed a joint answer *pro se.* Their admissions, denials, and explanatory responses are essentially identical to those contained in the answer filed by Defense Counsel.