THE NORTHERN TRUST COMPANY, as Trustee, Plaintiff-Appellee, v. HARRY J. HEUER, Defendant-Appellant (Dianna Winterbauer, Defendant).

First District (2nd Division)   No. 1—89—1739

Opinion filed September 4, 1990.

Friedman & Holtz, P.C., of Chicago (Gregory A. Friedman and Donna M. Adler, of counsel), for appellant.

Sidley & Austin, of Chicago (John C. Williams, P.C., and Jordan A. Klein, of counsel), for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiff The Northern Trust Company (Northern Trust), as trustee for the Harry P. Heuer Trust (the trust), filed a complaint in the circuit court for construction of the trust agreement. After resolution of the construction issues, the circuit court ordered that Northern Trust's attorney fees and costs be paid from the trust and that the attorney fees and costs of defendant-beneficiary Harry J. Heuer (Heuer) be paid from his share of the trust. Heuer appeals from those orders, contending that (1) except for its expenses incurred from preparation and filing of the complaint, Northern Trust should not have been awarded attorney fees and costs from the trust because it breached its duty of impartiality to him as a beneficiary of the trust; and (2) his own attorney fees and costs should have been assessed against the entire trust principal because there was a genuine dispute as to the provisions of the trust agreement.

The trust which is the subject of this litigation was created by Harry P. Heuer (the grantor) on March 22, 1985. At that time, the grantor was married and the father of two adopted children, defendant Heuer and defendant Dianna Winterbauer, the sole beneficiaries under the trust agreement.

Upon the death of the grantor, the trust provided for alternate distributions, depending upon whether the grantor's wife survived him. Article IV of the trust agreement provided for an equal distribution to the defendant-beneficiaries, if the grantor's wife did not survive him by more than 90 days. Article V made provisions for distribution of the trust property in the event the grantor's wife did survive him by more than 90 days. That article provided for an equalization clause which set limits upon distributions which could be made to Heuer.

The grantor's wife died on April 28, 1985. On December 5, 1985, the grantor amended the equalization clause in article V by

limiting it to $200,000. The grantor died on September 29, 1986.

Northern Trust filed its complaint for construction of the trust, raising two questions concerning the application and interpretation of the equalization clause contained in article V. The first question concerned the applicability of the equalization clause: though, under its terms, article V was inapplicable if the grantor's wife did not survive him, did the grantor's amendment of the equalization clause after his wife's death indicate his desire to make the clause applicable, thus limiting Heuer's distribution? Northern Trust argued that the grantor's amendment to article V, after his wife's death, showed the grantor's intent that the equalization clause should be applicable. Heuer took the opposing view.

The second question involved the interpretation of the $200,000 limitation imposed by the grantor's amendment to the equalization clause. Northern Trust, believing that the equalization provision was subject to either of two interpretations, took no position on this issue.

Heuer retained counsel for the construction litigation, but Winterbauer chose to litigate *pro se*. Winterbauer, who lived in Washington, filed an appearance and a two-page answer to the complaint setting forth her position that the equalization clause should be given effect; however, she was not present at any of the hearings before the circuit court.

Heuer filed a motion to dismiss the complaint, maintaining that article V and the equalization provision were not applicable because the grantor's wife had predeceased the grantor. Northern Trust opposed the motion to dismiss and affirmatively argued that the grantor's amendment of article V after his wife's death showed his intention that the equalization clause was to be applicable. The circuit court denied the motion to dismiss, finding a legitimate issue concerning the construction of the trust.

Thereafter, following Heuer's answer, Northern Trust filed a motion for partial summary judgment, requesting that the circuit court find that the equalization clause was applicable to distributions under the trust and giving the value of certain items to allow implementation of the clause. Heuer filed a countermotion for full summary judgment contending that the equalization clause should not apply or, in the alternative, that the amount of equalization should be under $200,000. Northern Trust and Heuer filed memoranda in support of their positions. On February 16, 1989, the circuit court denied Heuer's motion for full summary judgment and granted partial summary judgment in Northern Trust's favor, ruling

that the equalization clause applied to the trust distributions and that the $200,000 limitation in the equalization clause applied to the entire equalization clause.

In a letter forwarded to the circuit court on March 6, 1989, Winterbauer argued that Heuer should not be permitted to recover attorney fees from the trust because he had acted in bad faith by failing to reach a settlement with her. On May 4, 1989, Heuer filed a petition for attorney fees and costs. On May 5, 1989, Northern Trust filed its petition for attorney fees and costs. Heuer filed an objection to that petition, contending that Northern Trust had breached its duty of impartiality to him by advocating a construction of the trust which was favorable to Winterbauer and unfavorable to him and that fees incurred after the preparation and filing of the complaint should not be paid by the trust.

On May 30, 1989, after a hearing, the circuit court ordered that Northern Trust's attorney fees and costs be paid out of the principal of the trust and that Heuer's attorney fees and costs be paid out of Heuer's share of the trust. Heuer appeals from this order. He does not appeal the circuit court's rulings concerning construction of the trust agreement.

I

Northern Trust maintains that the award of attorney fees and costs from the principal of the trust was well within the bounds of discretion vested in the circuit court in a trust construction suit. It argues that ambiguities in the trust agreement compelled it to petition the circuit court for instructions, and therefore it is entitled to have its attorney fees reimbursed from the trust. It contends that it did not breach any duty owed Heuer because its primary concern was to effect the intent of the grantor.

A trustee has a duty to deal impartially with all beneficiaries and to protect their interests. (*Jones v. Heritage Pullman Bank & Trust Co.* (1988), 164 Ill. App. 3d 596, 602, 518 N.E.2d 178; *Disher v. Fulgoni* (1987), 161 Ill. App. 3d 1, 514 N.E.2d 767; 2A W. Fratcher, Scott on Trusts §183, at 557 (4th ed. 1987).) Unless the terms of the trust document provide otherwise, a trustee's fiduciary duty to each beneficiary precludes it from favoring one party over another. (*Comtrade, Inc. v. First National Bank* (1986), 146 Ill. App. 3d 1069, 1074, 497 N.E.2d 527; 2A W. Fratcher, Scott on Trusts §183, at 558 (4th ed. 1987).) When there are conflicting claims to trust funds, a trustee is not required to make a determination as to the rights of the prospective claimants but should file an

interpleader action to avoid acting at its own peril. *Chicago Title & Trust Co. v. Czubak* (1976), 42 Ill. App. 3d 349, 356 N.E.2d 118.

■■ ■ Generally, the costs of litigation to construe a trust in which there are adverse claims are paid by the trust estate. (See, *e.g., Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 183 N.E.2d 505.) However, where a trustee breaches its duty to administer the trust according to its terms and performs in a manner which favors one beneficiary over another, the trustee is not entitled to attorney fees and costs even though the breach is technical in nature, done in good faith, and causes no harm. (*Jones v. Heritage Pullman Bank & Trust Co.,* 164 Ill. App. 3d at 605; see also *Ellis v. King* (1949), 336 Ill. App. 298, 83 N.E.2d 367.) The circuit court has discretion in determining the need for and the amount of attorney fees, but its ruling will be reversed when its discretion is abused. See *Jones v. Heritage Pullman Bank & Trust Co.,* 164 Ill. App. 3d at 605; *Northern Trust Co. v. Tarre* (1980), 83 Ill. App. 3d 684, 404 N.E.2d 882, *rev'd on other grounds* (1981), 86 Ill. 2d 441, 427 N.E.2d 1217.

Northern Trust cites a Wisconsin case, *In re Cudahy Family Trust* (1964), 26 Wis. 2d 153, 158, 131 N.W.2d 882, 885, in support of its position that since, in the case at bar, "the facts and arguments were not fully presented by the beneficiaries," it was proper for it to present its view of the grantor's intent. However, beyond the fact that the court in *Cudahy* held that the duty of the trustee is to treat the beneficiaries impartially and not to assume the role of advocate on behalf of either beneficiary, we find Northern Trust's basic premise wholly without merit. In this case, the beneficiaries did present arguments concerning their positions. The fact that Winterbauer chose to proceed *pro se* and not to appear for court proceedings does not alter the reality that her position was communicated to and known by the circuit court. We note also that the circuit court never requested Northern Trust's interpretation of the trust.

■ The record does not support Northern Trust's contention that it was necessary for it to argue on behalf of the grantor's intent. Northern Trust had already set forth in its complaint the relevant information which required construction of the trust. It had already supplied the circuit court the underlying facts and the different interpretations which could be drawn. Further, since the trust agreement and its amendment were executed without Northern Trust's involvement, it could provide no additional information concerning the grantor's intent.

Unavailing too is Northern Trust's argument that if Winterbauer had retained counsel, her attorney fees and costs would have been properly paid from the trust. Though that may be so, there is no justification for charging the trust for Northern Trust's attorney fees and costs in representing her position while resisting the claim of the other beneficiary. If we were to hold otherwise, if the trustee could argue on behalf of one beneficiary to the detriment of another in the interests of saving attorney fees and costs for the trust, there would never be a reason for a beneficiary in an action for construction of a trust to retain counsel or argue its position; our well-established law concerning the trustee's duty of impartiality to beneficiaries would be rendered meaningless. Instead, it is preferable that we reiterate established precedent and foster every incentive for a trustee to adhere to its well-established duty of impartiality.

■ In this case, Northern Trust acted properly in seeking the circuit court's construction of the trust agreement concerning the appropriate distribution of the trust. However, when it argued that the trust should be interpreted in a manner beneficial to Winterbauer and detrimental to Heuer, it exceeded its role as trustee and breached its duty of impartiality. The circuit court's award of Northern Trust's attorney fees and costs, in excess of those incurred in preparing and filing the complaint for construction of the trust and in gathering and presenting the information necessary to interpret the equalization clause, constituted an abuse of discretion and is reversed. See *Jones v. Heritage Pullman Bank & Trust Co.*, 164 Ill. App. 3d at 605.

Because Northern Trust's petition for attorney fees and costs does not reveal what time was spent on appropriate activities, this case must be remanded to the circuit court for a determination of the amount properly payable from the trust.

## II

Heuer maintains that the circuit court also erred in assessing his attorney fees and costs against his share of the trust rather than against the entire trust. He argues that Illinois law unequivocally provides for assessments against the trust principal where there are honest differences of opinion concerning the construction of a trust and that there is no evidence in the record that he acted in bad faith. Northern Trust takes no position regarding this issue. Winterbauer maintains that the circuit court properly exercised its discretion in assessing Heuer's attorney fees and costs against his

share of the trust and argues that assessing those charges against the entire trust would be unfair to her.

Heuer is correct in his contentions that attorney fees and costs are chargeable to the trust where there is an honest difference of opinion as to the language of the trust instrument. (*First National Bank v. Edgeworth* (1981), 94 Ill. App. 3d 873, 885, 419 N.E.2d 372; *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 563, 411 N.E.2d 1135; *Northern Trust Co. v. Tarre*, 83 Ill. App. 3d at 692, citing *Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 183 N.E.2d 505.) Notwithstanding that principle of law, the record reflects that, because of correspondence from Winterbauer, the circuit court concluded that Heuer's refusal to settle the case showed bad faith and therefore ordered that Heuer's attorney fees and costs be paid only from his share of the trust.

The record, however, is devoid of any evidence that Heuer acted in bad faith. Though settlement discussions did occur, nothing but Winterbauer's correspondence indicates that it was Heuer who prevented settlement. Failure to settle a lawsuit, moreover, is not a sufficient basis for not ordering attorney fees and costs to be paid from the trust principal. (See *Northern Trust Co. v. Tarre*, 83 Ill. App. 3d at 692.) The circuit court had determined that the trust was ambiguous and its construction was necessary; it also made no finding that Heuer's objections were made in bad faith or that he had illegitimate arguments concerning interpretation of the trust. Thus, Heuer's attorney fees and costs should have been paid from the trust estate. See *First National Bank v. Edgeworth*, 94 Ill. App. 3d at 888; *Northern Trust Co. v. Tarre*, 83 Ill. App. 3d at 692.

For the foregoing reasons, the judgment of the circuit court is reversed and the case is remanded to the circuit court for proceedings and orders consistent with this opinion.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.