No. 3--06--0553

Filed May 3, 2007.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| SUE GRATE, Not Individually, But as Guardian of the Estate of Catherine Grzetich, a Disabled Person, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 05--CH--874 |
| EDWARD GRZETICH and CLAIRE GRZETICH, | ) ) ) | |
| Defendants-Appellees. | ) ) | Honorable Herman Haase, Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Sue Grate, as the guardian of the estate of Catherine Grzetich, filed a claim against defendant Edward Grzetich alleging he breached his fiduciary duties while serving as trustee of a certain testamentary trust. A judgment was entered against Edward, finding he converted monies of the trust for personal use. The judgment also ordered half of Edward's attorney fees to be paid from the trust. Plaintiff appeals,

claiming it was error to order the trust to pay Edward's attorney fees given the fact that he was found to have converted more than $30,000 of trust money for personal use.

BACKGROUND

John Grzetich died testate on July 17, 1980. Pursuant to John's will, his four sons, Edward, Joseph, Nicholas, and John, were appointed as co-trustees of a testamentary trust established for the care and support of his daughter, Catherine Grzetich. Over the years, three of the original four trustees died, leaving Edward the sole testamentary trustee.

Sue Grate was appointed guardian of the estate and person of Catherine on March 16, 2005. On behalf of her ward, she filed a complaint on May 3, 2005, against Edward as the sole trustee of the trust, charging him with failing to care properly for the beneficiary of the testamentary trust. The complaint also: (1) sought a constructive trust on funds that plaintiff alleged were held by Edward and Edward's wife in their individual names; (2) claimed those funds should have been deposited in a testamentary trust account by Edward as trustee not as an individual; (3) charged Edward with a breach of his fiduciary duty; (4) asked the court for an accounting of the testamentary trust; and (5) sought the removal of Edward as trustee.

2

At trial, the plaintiff presented a list of more than 200 checks written by Edward to himself, to his wife, or to third parties from February 18, 1998, through October 28, 2004. These checks benefitted Edward personally and totaled $31,592.39. The plaintiff also presented a summary of trust finances from 1980 through calendar year 2004 and while doing so, claimed that Edward failed to account for $90,294.09 of trust assets. As such, the plaintiff claimed Edward should reimburse the trust for that amount.

Edward admitted receiving money from the trust and claimed he was entitled to certain payments because he had advanced expenses or personally paid bills for the trust equal to $20,713.50. Furthermore, he claimed he was entitled to receive trustee compensation of $1,200 per year for the 25 years he had served as trustee for his disabled sister. He presented to the trial court a flow chart of income received, expenses paid, and disbursements for the benefit of his sister covering a period from 1982 through December 31, 2005. The flow chart included estimates of expenses for utility bills, food, medical bills, prescription drugs, and house insurance payments from 1982 through 2000. The chart indicated that Edward was unable to account for $19,782.08 in trust money for the 24 years from 1982

3

through 2005, the time he served as trustee.  Edward asked the court to allow him trustee fees for the unaccounted balance.

At trial, Edward also presented a schedule of assets received by the trust upon the death of his father and compared it to a list of assets held by the trust as of May 2006. Following the death of Edward's father, the trust had $123,930.03 on hand.  In May of 2006, the trust held funds or investments of $341,564.53.  During the time Edward served as trustee, the trust increased its asset value by $217,634.50.

Following trial, the trial court ruled that Edward spent $38,592 of funds from the trust "on personal expenses."  As such, the trial court ruled that Edward must reimburse the trust for that amount.  The trial court further found that since Edward breached his fiduciary duties owed to the beneficiary of the trust, he was not entitled to compensation as the trustee. Furthermore, the trial court ordered Edward to pay 50% of the attorney fees ($14,858.75) incurred by plaintiff in prosecuting this action.  Finally, the trial court ordered the trust to pay 50% of Edward's attorney fees ($11,194.71) incurred defending the action.  Plaintiff appeals, claiming it was error to order the trust to pay 50% of Edward's attorney fees.  There is no cross-appeal.

4

ANALYSIS

Plaintiff claims that, as a matter of law, a trustee who is found to have converted trust funds for personal use cannot have any portion of his attorney fees that were incurred in defending a suit brought by or on behalf of a beneficiary to recover the converted funds paid from the trust. The plaintiff phrases this issue as a matter of law and, therefore, argues our standard of review is *de novo*. Defendant disagrees, claiming that the decision to award a trustee's attorney fees is discretionary and, therefore, we should review the trial court's award under an abuse of discretion standard. Defendant submits that the plaintiff, as appellant, has provided us with an insufficient record to allow us to determine whether the trial court abused its discretion. Defendant also argues that there is "no *per se* rule that a trustee who has breached his duty is barred from having the trust pay his attorney fees." We disagree.

Defendant submits that section 4 of the Trust and Trustees Act (Act) indicates that a trustee has the power to appoint attorneys and to pay reasonable compensation to such appointees and that section 7 of the Act provides that the trustee shall be reimbursed for all proper expenses incurred in the management and protection of the trust assets. 760 ILCS 5/4, 7 (West 2004).

5

These sections, defendant argues, provide the statutory authority upon which a judge may award a trustee attorney fees. Under Illinois law, a party may not be awarded attorney fees unless the fees are specifically authorized by statute or provided for by contract between the parties. *Quick & Reilly, Inc. V. Zielinski*, 306 Ill. App. 3d 93, 713 N.E.2d 739 (1999). Whether a court or administrative agency has the authority to grant attorney fees as an available remedy is a question of law that we review *de novo*. *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 837 N.E.2d 909 (2005). Furthermore, whether a party may recover attorney fees and costs pursuant to any specific act is a question of law. *Johnson v. Thomas*, 342 Ill. App. 3d 382, 794 N.E.2d 919 (2003). When a court with proper authority to award attorney fees exercises its authority, we review the decision to award attorney fees under an abuse of discretion standard. *Advocate Health & Hospitals Corp. v. Heber*, 355 Ill. App. 3d 1076, 824 N.E.2d 655 (2005).

The plaintiff contends that the trial court simply had no authority to order half of the trustee's attorney fees paid from the trust once it found that the trustee breached his fiduciary duty. This is a question of law and, as such, we review it *de novo*.

6

It has long been held that "[t]he law is well settled that trustees cannot reimburse themselves from the trust estate for their attorney fees, unless those fees were incurred in the management and preservation of the trust estate." *Ellis v. King*, 336 Ill. App. 298, 307, 83 N.E.2d 367, 371 (1949). Furthermore, in *Northern Trust Co. v. Heuer*, 202 Ill. App. 3d 1066, 560 N.E.2d 961 (1990), the court unequivocally held that an award of attorney fees to a trustee who breached his fiduciary duty to a beneficiary "constituted an abuse of discretion." *Northern Trust Co. v. Heuer*, 202 Ill. App. 3d 1066, 1072, 560 N.E.2d 961, 965 (1990). The record before us sufficiently supports the trial court's finding (a finding defendant does not appeal) that the defendant converted $38,592 of trust assets for personal use. Therefore, as a matter of well settled law, he was not entitled to have attorney fees incurred during a suit to recover those funds reimbursed from the trust estate. The trustee did not incur the attorney fees while protecting the trust's assets. We find, therefore, that the trial court erred in awarding the half of the trustee's attorney fees paid for from the corpus of the trust.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court

7

of Will County awarding defendant one-half of his attorney fees to be paid by the trust is reversed.

Reversed.

HOLDRIDGE and WRIGHT, JJ., concur.