**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230037-U

Order filed August 28, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| PETER DENSMORE & KIMBERLY LATOUR, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellants, | ) | |
| | ) | Appeal No. 3-23-0037 |
| v. | ) | Circuit No. 18-L-94 |
| | ) | |
| | ) | Honorable |
| SHAWN GALLEGLY, TEA GALLEGLY, | ) | Neal W. Cerne, |
| COLDWELL BANKER REAL ESTATE, | ) | Judge, Presiding. |
| LLC, and JEANNIE D. POTERACKI, | ) | |
| | ) | |
| Defendant-Appellees. | ) | |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court did not abuse its discretion in determining the amount of attorney fees.

¶ 2    The plaintiffs, Peter Densmore and Kimberly Latour (Buyers), purchased residential property from the defendant sellers, Shawn Gallegly and Tea Gallegly (Sellers). Coldwell Banker Real Estate, LLC and Jeannie Poteracki (Brokers) acted as brokers. After the property's back yard flooded multiple times, the Buyers brought suit alleging fraudulent concealment of a material

defect. The defendants collectively moved for summary judgment, which was granted. The Sellers then petitioned for attorney fees pursuant to contract. The court granted the fee petition, and the Buyers appealed the amount of the award.

¶ 3                                            I. BACKGROUND

¶ 4        On October 1, 2016, the Buyers entered into a contract to purchase residential real estate from the Sellers. On January 26, 2018, the Buyers filed a complaint against the Sellers and the Brokers, alleging violations of the Residential Real Estate Property Disclosure Act (765 ILCS 77/1 *et seq.* (West 2018)) (Disclosure Act) and common law fraud based on three periods of "severe and prolonged inundation" of the property. For over two years, the Sellers were not served, and upon receiving notice of the complaint, the Sellers moved to quash service. Both the Buyers and the Sellers filed written briefs supporting their positions, and, following a hearing, the court found the issue to be moot. The Sellers then moved to dismiss the complaint and, following another hearing, the Disclosure Act claim was dismissed with prejudice and the fraudulent concealment claim was dismissed without prejudice. The Buyers were granted leave to amend the fraud claim.

¶ 5        The Buyers filed their final amended complaint on February 8, 2022. The Sellers moved for summary judgment. Following additional briefing by the parties, the court held another hearing and granted the Sellers' motion.

¶ 6        The Sellers then moved for attorney fees pursuant to the real estate contract, which provided for "reasonable attorney fees and costs" to be paid by the "non-prevailing party as ordered by a court of competent jurisdiction." The Sellers attached an affidavit (Affidavit) to the petition listing the attorneys who worked on the case, their hourly rates, and requesting fees in the amount of $49,014.03. The Affidavit further averred that each of the attorneys had "litigated

2

commercial cases" previously and was an attorney of record for the Sellers. Also attached were numerous monthly billing statements sent to the Sellers during the course of litigation.

¶ 7 The court held a hearing on the petition on January 19, 2023. At the hearing, Amy Daleo testified she was the primary attorney on the case. She charged an hourly rate of $300 per hour and had been practicing law since 2003, including having "litigated extensively fraud cases, real estate cases, contract disputes between individuals and businesses." Daleo also testified to the hourly rates charged by the three other attorneys who had done work on the case. Daleo stated she sent a bill to the client every month, and the client made payments toward the balance owed every month. Daleo was cross-examined about the firm's fees and invoices, including instances in which Daleo spent more time revising motions than the attorneys had spent drafting those motions. Daleo explained that associate attorneys would create initial drafts and perform work on the case, and she would revise those drafts and supervise their work. In some instances, her revisions revealed additional complexities and required her to spend more time researching and redrafting documents.

¶ 8 In determining the amount of attorney fees to award, the court found that the hourly rates described by Daleo were reasonable. The court reduced the fee award by $12,000 because the Sellers' attempts to quash service and dismiss the case were only partially successful. The court ultimately awarded attorney fees in the amount of $37,014.00. The Buyers appealed.

¶ 9 II. ANALYSIS

¶ 10 On appeal, the Buyers challenge the amount of attorney fees awarded by the court. The Buyers suggest the Sellers' fee petition failed to include sufficient facts to allow the court to make an accurate fee determination. Moreover, the Buyers contend the Sellers failed to prove the

3

fees charged were reasonable and necessary based on the facts and procedural history of the case. We address each argument in turn.

¶ 11    "When a court with proper authority to award attorney fees exercises its authority, we review the decision to award attorney fees under an abuse of discretion standard." *Grate v. Grzetich*, 373 Ill. App. 3d 228, 231 (2007). We will reverse a court's determination as to the amount of attorney fees only if no reasonable person would reach the same conclusion or make the same decision as the court. *Shoreline Towers Condominium Association v. Gassman*, 404 Ill. App. 3d 1013, 1024 (2010). "A petition for fees must present the court with detailed records containing facts and computations upon which the charges are predicated specifying the services performed, by whom they were performed, the time expended and the hourly rate charged." *Harris Trust & Savings Bank v. American National Bank & Trust Co. of Chicago*, 230 Ill. App. 3d 591, 595 (1992). Courts may also rely on their own experience in determining the reasonableness of fees. *Chicago Title & Trust Company v. Chicago Title & Trust Company*, 248 Ill. App. 3d 1065, 1073 (1993).

¶ 12    First, the Buyers assert the fee petition provided the court with insufficient information to determine the amount of reasonable fees. The Buyers allege the fee petition omitted details, such as a copy of the retainer agreement and the amount charged for each time entry. The Buyers further claim there is no evidence the Sellers' attorneys actually received any money.

¶ 13    The Buyers' allegations ignore the totality of information available to the court. A retainer agreement is not required for a court to accurately determine the amount of fees incurred. See *In re Estate of Bitoy*, 395 Ill. App. 3d 262, 277 (2009) (retainer agreement irrelevant to determining fees awarded under the Probate Act). The details the Buyers allege are missing from the fee petition were supplied at the hearing held on January 19, 2023. At that

4

hearing, Daleo testified her firm had been hired to represent the Sellers, the Sellers were billed hourly, and the Sellers had paid their monthly invoices. The Buyers were given the opportunity to cross-examine Daleo, and the court had the opportunity to assess the billing records and fees. The hearing, along with the Affidavit and the court's own knowledge, provided the court with a basis for determining the validity of the requested fees. See *Heller Financial*, *Inc. v. Johns-Byrne Company*, 264 Ill. App. 3d 681, 693 (1994) (evidentiary hearing in which the lead attorney testified, coupled with billing summaries and the court's own knowledge, provided the court with sufficient evidence to determine whether fees were appropriately calculated).

¶ 14        Second, the Buyers allege the Sellers failed to prove the fees they charged were "reasonable and necessary" under the circumstances. The Buyers characterize the Sellers' efforts to quash service as an "unreasonable litigation tactic," and assert the Sellers' attorneys were "only successful in having one claim dismissed with prejudice." The Buyers further allege that numerous other invoices reflect "duplicative services," wherein attorneys billed for both drafting and revising the same document.

¶ 15        At the evidentiary hearing, counsel for the Buyers cross-examined Daleo on these topics, and Daleo explained that the initial drafts required revision based on the complexity of the case. The Buyers offered no contradictory testimony. Although the Buyers fail to acknowledge it on appeal, the court apparently agreed with their arguments concerning the motion to quash service and reduced the Sellers' fees accordingly. Courts enjoy "wide discretion" to determine the reasonableness of attorney fees. *Id.* Based on our review of the record, we find no abuse of the court's discretion where it relied on a detailed Affidavit, billing invoices, its own knowledge, and testimony from the primary attorney associated with the case to determine the reasonableness of attorney fees. See *id.*

5

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Du Page County is affirmed.

¶ 18          Affirmed.